UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF<br><br>THE EXTRADITION OF<br><br>STEVEN LEE | Mag. No. 23-9089 (CLW)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

Authorities from the Republic of Korea (hereinafter, "Korea") seek the extradition of Steven Lee for three counts of occupational embezzlement and breach of trust in violation of Article 356 of the that country's Act on the Aggravated Punishment etc. of Specific Economic Crimes ("the Act").[1] On February 24, 2023, the United States, pursuant to its obligations under a treaty with Korea and 18 U.S.C. § 3184 *et seq.*, filed a complaint in this District seeking Lee's arrest with respect to Korea's extradition request. On the same day, the Hon. Cathy L. Waldor, U.S.M.J., issued an arrest warrant, and Lee was arrested on or about March 2, 2023. Later that day, Lee came before the undersigned for an initial appearance. At that proceeding, the United States indicated it would be seeking an Order from the Court detaining Lee pending the Court's consideration of the merits of the subject extradition request. Lee indicated he would be contesting detention and seeking release on conditions. The Court temporarily detained Lee on consent,

---

[1] According to the materials Korea has provided, on or about October 29, 2019, an arrest warrant was issued against Lee by Judge Yong-Shin Kim of the Seoul Central District Court, which remains outstanding. Lee is accused of embezzling over $3.4 million from his former employer, Lone Star Funds ("LSF") and its subsidiaries, Lone Star Advisors Korea ("LSAK") and Hudson Advisors Korea ("HAK"), between on or about December 8, 2000 and on or about October 15, 2004. He is alleged to have done so by, among other things: creating phony invoices for fictional consulting services purportedly provided by entities that he secretly owned or controlled; approving payments by LSF subsidiaries on those phony invoices; and routing the payments to himself. Government Memorandum [hereinafter, Govt. Mem.], at 2.

1

pending written submissions by the parties. The parties submitted their respective written submissions on March 6, 2023, and the Court held a hearing on the issue on March 8, 2023.

The facts underlying the charges against Lee and the extradition process have been presented in detail in the parties' respective submissions to the Court and will not be repeated at length herein, apart from the basic factual statement offered *supra* note 1. Rather, the Court will focus on the parties' arguments in favor of and in opposition to detention and will only reference the facts necessary to a determination of that discrete issue.

As noted, the Government urges that Mr. Lee should be detained pending Court evaluation of the merits of Korea's extradition request. In support of its position, the Government begins with the observations that the federal statute governing extradition procedures in the United States, 18 U.S.C. § 3184 *et seq.*, does not provide for bail, that the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, does not apply to extradition proceedings, and that "there is a presumption against bail in extradition cases." Govt. Mem., at 15 (citing *Hababou v. Albright*, 82 F. Supp.2d 347, 351 (D.N.J. 2000) (citing *Wright v. Henkel*, 190 U.S. 40 (1903)). The Government notes that, to make a case for release, a person targeted for extradition must demonstrate that he is neither a flight risk nor a danger to the community *and* that "special circumstances" warrant his release. *Id*. at 17 (citing *United States v. Leitner*, 784 F.2d 159, 160 ((2d Cir. 1986); *Hababou*, 82 F. Supp.2d at 351. The Government further points out that the "special circumstances" inquiry is both separate from and stricter than the normal inquiry and release standards applied under the Bail Reform Act, *id*. at 17-18 (citing *In Re Extradition of Kin-Hon*, 913 F. Supp. 50, 53 (D. Mass. 1996) (stricter inquiry); *Leitner,* 784 F.2d at 160 (separate inquiry); *In Re Extradition of Rovelli*, 977 F. Supp. 566, 568 (D. Conn. 1997) (separate inquiry)), and the Government provides a laundry list of circumstances that are not commonly considered special circumstances in the extradition context.

2

Given the foregoing, the Government argues that Mr. Lee does not qualify for release pending extradition because he is clearly a risk of flight and because no "special circumstances" exist that might justify his release.[2] Regarding risk of flight, the Government notes that Mr. Lee left Korea after committing his alleged crimes but before he could be arrested and face prosecution, that he has the financial wherewithal and skills to flee, and that he has a strong incentive to flee given the reality that he will now be facing serious charges. Govt. Mem. at 20-21. As concerns the presence of "special circumstances" potentially supporting Mr. Lee's release pending extradition, the Government merely asserts that no such circumstances exist that might justify Mr. Lee's release on conditions. *Id*. at 22.

In response, Mr. Lee offers arguments that he is neither a risk of flight nor a danger to the community, and that "special circumstances" do exist that favor his release until the merits of the extradition request are addressed. *See* Lee Memorandum [hereinafter, Lee Mem.], at 4-9. As to risk of flight, Mr. Lee notes *inter alia* that he is a United States citizen, he has few if any ties to foreign countries, has extensive family and business ties to the United States, and that his only foreign relative lives in Korea (namely, the country seeking extradition). He has submitted materials attesting to his good character, and he indicates he is willing to pledge significant collateral in order to secure his appearance at future Court proceedings. *Id*. at 4-6. As regards danger to the community, Mr. Lee simply notes that the Government does not appear to consider him a danger to the community and that there is no evidence that might even remotely support any such assertion. *Id*. at 6.

With respect to the possible existence of "special circumstances" supporting his release, Mr. Lee contends that there are fully three considerations upon which, either separately or

---

[2] The Government noted at oral argument on March 8, 2023 that it is not advancing the argument that the release of Mr. Lee would pose a danger to the community.

cumulatively, the Court could base such a finding. Lee Mem. at 6-9.[3] First, Mr. Lee urges that the lengthy passage of time from the inception of the Korean investigation of Mr. Lee in or about 2005 to the present – a period of approximately seventeen years – constitutes a special circumstance justifying release. *Id*. at 7. Second, Mr. Lee claims that the "substantial likelihood" that he will defeat extradition on the merits further qualifies as a special circumstance supporting his release. *Id*. at 8. Finally, Mr. Lee suggests that the "apparent political basis" of prosecution against him, coupled with the fact that he has made restitution to the victim of his alleged crime, will likely ultimately result in his not being extradited, and he urges that this constitutes yet another special circumstance militating in favor of his release. *Id*. at 9.

Based upon the facts before it, the Court agrees with Mr. Lee that he is neither a risk of flight nor a danger to the community and that special circumstances exist here which justify his release on conditions pending his extradition hearing. First, as regards potential danger to the community, no evidence or arguments have been advanced to indicate in the slightest that Mr. Lee, if released, would present a danger to the community, and the Court declines to so find. As regards the risk of flight, it is uncontested that Mr. Lee has lived openly in the United States since his return from Korea in 2005, despite the fact that the threat of criminal charges from Korea has persisted for approximately seventeen years. Virtually all of Mr. Lee's personal ties are with the United States; indeed, it is of great consequence to the Court that his wife and children reside with or near him. Additionally, Mr. Lee is a United States citizen. It seems highly unlikely to the Court that Mr. Lee would now flee all of this in order to avoid facing possible extradition. In other words, the Court is satisfied, whether by a preponderance of the evidence or by clear and

---

[3] Mr. Lee notes that the determination of what constitutes a "special circumstance" is ultimately left to the Court's discretion. Lee Mem. at 6 (citing *In Re Extradition of Gonzalez*, 52 F. Supp.2d 725, 736 (W.D. La. 1999)).

convincing evidence, that Mr. Lee's appearance at future Court proceedings can be assured given the proper bail conditions.

But it is not enough that the Court reaches conclusion favorable to Mr. Lee on the issues of dangerousness and risk of flight; the Court must also identify "special circumstances" counseling in favor of bail before release will be permitted.  As noted, Mr. Lee offers three potential "special circumstances" which he claims militate in favor of release.  With respect to his claim that delay in seeking extradition and/or pursuing prosecution may be such a "special circumstance," Mr. Lee directs the Court's attention to a number of decisions in which various Courts reached just such a conclusion.  Lee Mem. at 7 (citing *Wroclawski v. United States*, 634 F. Supp.2d 1003, 1008 (D. Ariz. 2009) (11 year delay in seeking extradition a special circumstance where extraditee had been living in the open and made no effort to hide); *In Re Requested Extradition of Kirby*, 106 F.3d 855, 863 (9th Cir. 1996); *In Re Extradition of Molnar*, 182 F. Supp.2d 684, 687-89 (N.D. Ill. 2002); *In Re Klein*, 46 F.2d 85, 85 (S.D.N.Y. 1930)).  While Courts are certainly not unanimous in the conclusion that undue delay in seeking extradition constitutes a "special circumstance" favoring release,[4] the Court notes for the moment that it can be so considered under the proper circumstances.

Mr. Lee's second proffered "special circumstance" – namely, the likelihood he will succeed in opposing extradition – has also been recognized by certain Courts as a "special circumstance" justifying release on bail.  More specifically, a number of courts have held that a "high probability" or "substantial likelihood" of success in defeating extradition and/or the foreign

---

[4] *See, e.g.*, *Nezirovic v. Holt*, 990 F. Supp.2d 594, 604 (W.D. Va. 2013) (finding that twenty-year delay in Bosnia's pursuing extradition was not a special circumstance warranting bail); *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 827, 830 (11th Cir. 1993) (finding that seventeen-year delay in seeking extradition was not a special circumstance); *Matter of Extradition of Drumm*, 150 F. Supp.3d 92, 98-99 (D.Mass 2015) (finding that seven-year delay in seeking extradition not a special circumstance warranting bail); *In Re Extradition of Sidali*, 868 F. Supp. 656, 659 (D.N.J. 1994) (denying bail for fugitive wanted for rape, "despite the fact that the crime occurred almost twenty five years ago and despite the fact that [fugitive] has apparently led a crime free existence while in the United States").

prosecution may appropriately qualify as a special circumstance. *See, e.g., United States v. Kin-Hong,* 83 F.3d 523, 524-25 (1st Cir. 1996) ("high probability of success"); *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989) ("high probability of success"); *Matter of Extradition of Taylor*, 471 F.Supp.3d 389, 395 (D. Mass. 2020) ("this court presumes that a high probability or substantial likelihood of success may qualify as a special circumstance"); *United States v. Ramnath*, 533 F. Supp. 2d 662, 682 (E.D. Tex. 2008) ("substantial likelihood"); *United States v. Taitz*, 130 F.R.D. 442, 444 (S.D. Cal. 1990) ("high probability of success"). Although, once again, not all Courts agree that likelihood of success in opposing extradition should be considered a "special circumstance" for bail purposes,[5] the Court notes that these decisions certainly serve to cut against what appears to be the Government's absolutist position against bail in extradition cases.[6]

The Court believes that the lengthy passage of time prior to Korea's seeking the extradition of Mr. Lee, standing alone, does indeed constitute a special circumstance counseling in favor of release on conditions. The delay in seeking extradition has been more than substantial (17 years) – certainly enough to raise questions as to the urgency of these proceedings. Moreover, Mr. Lee has been living openly in the United States for the last seventeen years, which would appear to undermine the practical need for detention at this point. While, as the Court has already noted, there appears to be no uniform approach in the judicial decisions addressing whether an inordinate delay in seeking extradition constitutes a special circumstance, the Court concludes that the cases

---

[5] *See e.g.*, *United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 61 (D. Mass 2010) (Court considering bail for extraditee "not able to make an assessment as to the merits" of substantive extradition arguments); *In Re Sacirbegovic*, 280 F. Supp. 2d 81, 88 (S.D.N.Y. 2003) (arguments regarding the substantive merits of an extradition request "will … be the subject of the extradition hearing").

[6] The Court is not convinced that the third contention made by Mr. Lee – that the apparent political basis of this prosecution and Mr. Lee's efforts at restitution constitute a viable special circumstance – is meritorious. The Court is not inclined to concern itself with Korea's political motivation for pursuing this prosecution, and it does not see how this contention is truly pertinent to any bail determination. Nor does the Court believe that making civil restitution carries a great deal of weight in its determination regarding the existence of special circumstances supporting release. The weakness of this purported argument, however, does not undermine the Court's ultimate conclusion that other special circumstances exist counseling in favor of release.

with fact patterns closest to that presented here have decided that issue in the affirmative. Consequently, the Court concludes that Mr. Lee has established the existence of "special circumstances" supporting his release on conditions in this matter.

The Court also notes that Mr. Lee's argument regarding his likelihood of success defending against extradition further bolsters his special circumstances claim. Persuasive authority exists suggesting that multiple circumstances can often suffice to establish "special circumstances" justifying release in the extradition context. *See Molnar,* 182 F.Supp.2d at 689 (calling for collective consideration of potential special circumstances); *Matter of Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1216 (D. Nev. 1993) ("Although most cases focus on a single special circumstance, courts are now recognizing that the cumulation of several factors may constitute special circumstances that justify bail pending extradition proceedings"). Regarding the likelihood that Mr. Lee will succeed in opposing extradition, while the Court is understandably hesitant to make any predictions regarding Mr. Lee's potential for success, this case is somewhat unique in that another sovereign state, Italy, has already refused extradition pursuant to its treaty with Korea because the subject prosecution would be time-barred under Italian law. The Court has no intention at his point of pre-judging this merits issue, but it cannot deny that the actions of the Italian authorities raise far more than a metaphysical doubt as to the inevitability of Mr. Lee's extradition to Korea in this matter. Obviously, the ultimate decision regarding extradition will be made after a full hearing on the merits, but this consideration still deserves consideration at the bail stage of this proceeding. While the Court has already concluded that delay alone suffices as a special circumstance justifying release in Mr. Lee's case, this consideration adds further teeth to the determination that bail on conditions is appropriate at this juncture.

**THEREFORE**, for all of the foregoing reasons, and good cause appearing,

**IT IS** on this 8th day of March, 2023,

**ORDERED** that Defendant shall be released on the bail conditions set forth on the record at the hearing today pending a hearing on the merits of the Government's extradition request.

s/James B. Clark, III
**HON. JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**