**EXHIBIT 27**

No. 106/2017 Extradit.

# REPUBBLICA ITALIANA

[Seal]

## COURT OF APPEAL OF MILANO

### HOLIDAY SESSION

Composed by the following Judges:

| | |
|---|---|
| Paolo Torti | President Judge |
| Maria Grazia Domanico | Judge |
| Guido Brambilla | Judge |

Deliberating in Chambers, has issued the following

## ORDER

Having read the petition submitted by legal counsel for Steven LEE, who was arrested on 6 August 2017, which seeks revocation of the precautionary measure of incarceration, issued with an order dated 7 August 2017 by the delegated Judge of this Court, by virtue of the arrest warrants issued by the Korean Judicial Authority on 12 June 2014 and 20 November 2015 and by the pre-announced request for extradition, in connection with the charges raised, described as follows in the Interpol manifest: "*the subject was the Korean representative of LOAN STAR FUND (an American company). On 27 August 2003.* [sic] *when LOAN STAR FUND purchased EXCHANGE Bank of Korea and in October 2003 when the KOREA EXCHANGING CREDIT* [sic] *CARD Co. merged with KOREA BANK.* [sic] *The defendant with artifice caused a decrease in the prices of the securities on the stock exchange. The defendant devised a strategy for the decrease of the stock exchange price of the shares of KOREA EXCHANGE CREDIT CARD Co. to the maximum and did Lee DalYoung* [sic], *the acting president of KOREA EXCHANGE BANK Co., disseminating the message by announcing false information on 27 November 2003: "we have a plan for the reduction of the capital of KOREA CREDIT CARD Co. before the merger." Subsequently, the defendant earned profits of 22.6 billion due to the premeditated manipulation of the price of the shares.*"

Having reviewed the documents and the negative opinion expressed by the Prosecutor

Considering that the Korean Judicial Authority is moving forward on the hypothesis that market abuse was committed between 27 August 2003 and 27 November of the same year, and that such criminal offence (both in terms of information and in terms of operations) was punished under Italian legislation pursuant to Art. 185 of Legislative Decree 58/98 (the so-called TUF), in the version applicable at the time of the events, with incarceration from one to six years.

Having identified on the basis of the documents on the record that Korea issued arrest warrants for Lee on 12 June 2014 and, later, on 20 November 2015 and that there is no evidence of any actions that have interrupted the lapsing of the statute of limitations (see the copious e-mail correspondence obtained from Mr. Lee's American legal counsel, which attests that numerous contacts between Mr. Lee, his legal counsel and the Korean Prosecutors took place in 2006, with the final release of written affidavits by the person whose extradition is sought).

Deeming, therefore, that in accordance with our legislation, the issue by the Korean Judicial Authorities of the arrest warrants for the person under investigation is to be considered as the first interruption, the alleged criminal offence was already time-barred at the time the precautionary measures were issued.

Deeming that Article 10 of the European Convention on Extradition of 13 December 1957, which has been ratified by the Republic of Korea, applies and states: "*Extradition shall not be granted when the person claimed has, according to the law of either the requesting or the requested Party, become immune by reason of lapse of time from prosecution or punishment.*"

for these reasons

revokes the precautionary measure of incarceration, issued with an order dated 7 August 2017 to Steven LEE, born in the United States of America on 31.1.1969, and orders his immediate release unless he is detained for other reasons.

Sending all documents to the Clerk of the Court for all due formalities and due course.

Milan, 18 August 2017

The Judges – Signatures          The President - Signature

- 2 -

*Courtesy Translation*

*Criminal proceedings No. 106/17 Register of Extradition*

# ITALIAN REPUBLIC

# THE COURT OF APPEAL OF MILAN

## FIFTH CRIMINAL DIVISION

Composed of the Judges:

Mr Antonio NOVA

Ms Silvia BRA T

Ms Micaela CURAMI

acting in the Council Chamber, it issues the following

### ORDER

Read the proceedings of the extradition proceedings against LEE Steven born in U.S.A. on 31-1-1969;

Noted that the aforementioned was arrested on 6-8-2017 and released by order of 18-8- 2017 for revocation of the precautionary measure;

Given that the request for extradition and the relevant documents have not been received;

The Court noted that, in the light of the documents forwarded by Interpol, the case would have occurred in 2003, therefore the contested crime would still be time barred according to the Italian law (Article 185 Legislative Decree No. 58/1998);

Having regard to the fact that the request for extradition has not yet been received and, therefore, the criminal proceedings must be considered to be terminated and dismissed;

### FOR THIS REASON

on the consent of the Attorney General, order the dismissal of the case.

Milan. 25.10.2017

N.106/2017 Estrad.

# REPUBBLICA ITALIANA



# LA CORTE D'APPELLO DI MILANO

**SEZIONE FERIALE**

Composta dai Magistrati:

| | |
|---|---|
| Dr. Paolo Torti | Presidente |
| Dr. Maria Grazia Domanico | Consigliere |
| Dr. Guido Brambilla | Consigliere |

deliberando in Camera di Consiglio, ha pronunciato la seguente

# ORDINANZA

Letta l'istanza proposta dai Difensore di fiducia di Steven LEE, arrestato in data 6 agosto 2017, con la quale si chiede la revoca della misura cautelare della custodia in carcere, applicata con ordinanza in data 7 agosto 2017 dal Consigliere delegato di questa Corte, in ragione dei mandati di cattura emessi dalla A. G. coreana in data 12 giugno 2014 e 20 novembre 2015 e della preannunciata richiesta di estradizione, in relazione all'imputazione elevata, così descritta nel tabulato Interpol: " il soggetto era il rappresentante koreano della LOAN STAR FUND (società americana). Il 27 agosto 2003, quando la LOAN STAR FUND acquistò Banca EXCHANGE di Korea e in ottobre 2003 quando la KOREA EXCHANGING CREDIT CARD Co. si fuse con la KOREA BANK. Il sospetto attuò artificialmente un calo dei prezzi dei titoli di borsa. Il sospetto stabilì una strategia della caduta dei prezzi delle azioni di borsa della KOREA EXCHANGE CREDIT CARD Co. al massimo e fece Lee DalYoung, presidente facente funzioni della KOREA EXCHANGE BANK Co., diffondendo la voce attraverso l'annuncio di false informazioni il 27 novembre 2003: " noi abbiamo un piano di diminuzione di capitale della KOREA CREDIT CARD Co. prima della fusione". Successivamente, il sospetto guadagnò profitti per 22,6 miliardi dovuti alta premeditata manipolazione del prezzo delle azioni. "

Esaminati gli atti ed il parere negativo espresso dal P.G.

Considerato che la A.G. coreana procede per ipotesi di manipolazione di mercato commessa tra il 27 agosto 2003 e il 27 novembre dello stesso anno e che tale reato (sia nella forma informativa che operativa) era punito dalla legislazione italiana ai sensi dell'art. 185 Tuf (D. lgs n. 58/98) nella versione vigente all'epoca dei fatti con la reclusione da uno a sei anni.

Rilevato che secondo quanto emerge dagli atti, la Corea ha emesso a carico del Lee mandati di cattura in data 12 giugno 2014 e, successivamente, in data 20 novembre 2015 e che non risultano precedenti atti interruttivi del corso della prescrizione (v. altresì la nutrita corrispondenza e-mail - ottenuta dai difensori americani del signor Lee, che attesta come tra il Lee, i suoi avvocati ed i

Procuratori coreani siano intercorsi nell'anno 2006 numerosi contatti, con il finale rilascio di dichiarazioni scritte da parte dell'estradando).

Ritenuto pertanto che secondo la nostra legislazione, attribuendo primo valore interruttivo alla adozione da parte della A.G. coreana degli ordini di cattura dell'indagato, il reato contestato risultava già estinto per intervenuta prescrizione al momento delle emissione delle misure cautelari.

Ritenuto che risulta applicabile l'art. 10 della Convenzione europea di estradizione del 13 dicembre 1957, ratificata dalla Repubblica di Corea, a mente del quale "*L'estradizione non sarà consentita se la prescrizione dell'azione o della pena è acquisita secondo la legislazione della Parte richiedente o della Parte richiesta*".

p. q. m.

revoca la misura cautelare della custodia in carcere, applicata nei confronti di Steven LEE, nato in U.S.A. il 31.1.1969, con ordinanza del 7 agosto 2017 e ne ordina la liberazione se non detenuto per atra causa.

Manda al Cancelliere per i dovuti adempimenti e per l'ulteriore corso.

Milano, 18 agosto 2017

I Consiglieri                                                                                       Il Presidente

N. 106/17 Estr.

REPUBBLICA ITALIANA



# LA CORTE D'APPELLO DI MILANO

### SEZIONE 5^ PENALE

Composta dai Magistrati:

| | |
|---|---|
| Dr. Antonio NOVA | Presidente rel. |
| Dr.ssa Silvia BRAT | Consigliere |
| Dr.ssa Micaela CURAMI | Consigliere |

deliberando in Camera di Consiglio, ha pronunciato la seguente

## ORDINANZA

    Letti gli atti del procedimento di estradizione a carico di LEE Steven nato in U.S.A. il 31-1-1969;

    Rilevato che il predetto è stato arrestato il 6-8-2017 e scarcerato con ordinanza del 18-8-2017 per revoca della misura cautelare;

    Considerato che non risultano pervenuti la domanda di estradizione e i relativi documenti;

    Osservato che allo stato degli atti trasmessi dall'Interpol la vicenda si sarebbe svolta nel 2003, sicchè il reato contestato sarebbe comunque prescritto per l'ordinamento giuridico italiano (art. 185 D.L.vo n. 58/1998);

    Osservato che a tutt'oggi la domanda di estradizione non risulta pervenuta e che pertanto il procedimento deve essere deve essere considerato estinto e archiviato;

p. q. m.

su conforme parere del Procuratore Generale, dispone l'archiviazione del procedimento.

Milano, 25-10-2017.

IL PRESIDENTE                                    I CONSIGLIERI