

Anne M. Collart

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4737 Fax: 973-639-8389
acollart@gibbonslaw.com

January 15, 2025

**VIA ECF**

Honorable Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: **In re Extradition of Steven Lee, Mag No. 23-9089**

Dear Judge Waldor:

  As the Court is aware, this Firm represents Respondent Steven Lee in the above-captioned matter, which is currently pending decision by, or further proceedings before, Your Honor. We write with regard to Mr. Lee's conditions of release, and specifically to request that his current conditions be modified with respect to Mr. Lee's ability to participate in church activities and to substitute the piece of art that he previously posted as partial collateral for his appearance bond. We have consulted with the Government and Pretrial Services as to both of these requests.

  Both the Government and Pretrial have graciously consented to the modification of Mr. Lee's conditions of Pretrial Release by replacing the requirement that he be on home incarceration with a requirement that he be on home detention, all as set forth in the enclosed order. As to the collateral replacement, the Government has advised that it takes no position on this matter. Pretrial Services has advised that it has reviewed all of the materials provided by Mr. Lee and determined that the appropriate documents are in place and adequate and similarly takes no position on the request to replace the existing collateral with replacement artwork.

  By way of brief reminder, over 18 months ago in early March 2023, Mr. Lee was arrested and released on bail subject to certain conditions, including a $10,000,000 bond, co-signed by his son, Jonathan Lee, and secured by the residence of his brother, Jason Lee, as well as one piece of artwork owned by Mr. Steven Lee. Both of his sons have surrendered their passports as further security to guarantee his appearance. Mr. Lee has been fully compliant with the conditions of his release, which permit him to attend church services every Sunday at his Parish, Praise Presbyterian Church in Somerset, New Jersey. He was also permitted to attend his son's graduation from college in New York State, from which he dutifully returned in compliance with this Court's order.

GIBBONS P.C.

January 15, 2025
Page 2

As the Court may also recall, Mr. Lee suffered a heart attack in mid-October and underwent emergency open-heart quadruple bypass surgery. His GPS ankle monitor had to be removed so that doctors could harvest veins from one or more of his legs in order to utilize them in the course of operating on his heart, and his medical team requested that the ankle bracelet not be reapplied during the course of his cardiac rehabilitation. With the Government and Office of Pretrial Service's consent, the Court modified Mr. Lee's conditions of release to remove the ankle monitor requirement, ultimately for the duration of this case. In June, the Court, again with the Government's consent, permitted Mr. Lee to supplement his cardiac rehabilitation therapy by taking walks outside of his home, at the discretion of his Pretrial Services Officer. Mr. Lee continues these efforts to this day, working to strengthen and rebuild his capacity for physical activity following a very serious and traumatic health event during the pendency of these proceedings. He has remained fully compliant with his conditions of release throughout.

Throughout the last nearly two years since his arrest, Mr. Lee has been supported by his church community and found great comfort in both attendance at church services and communion with his Pastors. Prior to his arrest, Mr. Lee was a very active member of his church community, overseeing resolution of facilities issues and participating in a leadership training program to become an Elder (and, beginning in 2019, a Deacon) in the church. Though he has tried to manage facilities issues remotely since his arrest and home incarceration, his leadership activities and religious studies aimed at preparing him to serve as a Church Elder were put on hold. The modification to his supervision from home incarceration to home detention with the ability to attend ten religious activities per week will allow him to resume his religious studies and contribution to the stewardship of his parish community.

With respect to Mr. Lee's posted collateral, this Firm currently retains possession and control of the artwork that was posted at the time of Mr. Lee's bail by way of an account at an art warehouse storage facility to which Mr. Lee has no access. The artwork is also insured. Mr. Lee would like to substitute that artwork for certain other pieces, all of which are set forth in the enclosed proposed order. Again, this firm has opened an account with the fine art warehouse at which the pieces are currently being stored. The subject artwork has been transferred into that account, over which Mr. Lee has no authority, and is insured. Should the Court grant this request, Gibbons would release the original artwork back to Mr. Lee and continue to hold the substitute artwork pending further order of this Court, again all as set forth in the enclosed proposed order.

If the foregoing meets with Your Honor's approval, we would respectfully request that the Court execute the proposed consent order which is provided herewith for the convenience of the Court. Of course, if Your Honor has any questions or concerns about this application or about any other aspect of this case, please do not hesitate to contact us. We thank the Court for its very kind consideration of this request.

GIBBONS P.C.

January 15, 2025
Page 3

                                                Respectfully submitted,

                                                s/ Anne M. Collart
                                                Anne M. Collart, Esq.

                                                s/ Lawrence S. Lustberg
                                                Lawrence S. Lustberg, Esq.