UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN THE MATTER OF EXTRADITION OF STEVEN LEE | Criminal Action No. 23-9089<br><br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>**MEMORANDUM ORDER** |

**CATHY L. WALDOR, U.S.M.J.**

Before the Court is the United States of America's Motion for the Extradition of Steven Lee ("Mr. Lee") pursuant to the Extradition Treaty ("Treaty") Between the United States of America (the "United States" or "Government") and the Republic of Korea ("Korea"), signed on June 9, 1998, and entered into force on December 20, 1999. (ECF No. 22). Upon careful consideration of the record for this matter, and for the reasons discussed herein, the Court certifies that Mr. Lee is not extraditable under the Treaty. The Government's application is **DENIED**.

I.  **BACKGROUND**

On October 29, 2019, Judge Yong-Shin Kim of the Seoul Central District Court in the Korea issued an arrest warrant for Mr. Lee, an American citizen, that is currently active until March 2026. Korea accuses Mr. Lee of embezzling over 3.4 million dollars from his former employers, Lone Star Funds ("LSF") and its subsidiaries, between December 8, 2000, and October 15, 2004.

During the relevant time period, LSF was a private equity firm based in Dallas, Texas. Mr. Lee was an LSF executive responsible for LSF and its subsidiaries' operations in Korea. Accordingly, between 1999 and 2005, Mr. Lee frequently traveled to Korea for only business purposes. In 2000, Mr. Lee purchased a home in Texas where he and his family resided until 2003,

at which Mr. Lee purchased a home in Short Hills, New Jersey.  Presently, Mr. Lee resides in Mountainside, New Jersey.  Mr. Lee last left Korea in May 2005, and he's remained in the United States ever since to raise his family.

LSF's investigation into Mr. Lee's conduct began in August 2005 when LSF officials confronted Mr. Lee with some questionable transactions.  Mr. Lee admitted to misappropriating funds resulting from those transactions.  Between October and December 2005, LSF conducted an independent investigation in response to written inquiries from the Seoul Regional Tax Office, and its findings were submitted to the Seoul Central District Prosecutors' Office.  In November 2005, when LSF presented Mr. Lee with the findings of the independent investigation, Mr. Lee—in the presence of his attorney—admitted to fabricating invoices prepared by him or at his direction, resulting in the misappropriation of LSF's funds.  Mr. Lee thereafter fully cooperated with the LSF's investigation, as well as the investigation conducted by Korean prosecutors in 2006.  A civil settlement was reached in 2010 resolving all of LSF's claims and concerns for the transactions at issue.

The Seoul Central District Court issued a series of arrest warrants.  The first, on July 16, 2006, which expired on October 14, 2011.  The second, on November 21, 2011, which expired on November 20, 2015.  And the most recent, on October 29, 2019, which is active until March 29, 2026.  On February 24, 2024, the Government filed a Criminal Complaint in this District in response to an extradition request from Korea in furtherance of the Countries' obligations under the Extradition Treaty, 18 U.S.C. § 3184, *et seq*.  This Court issued a warrant for Mr. Lee's arrest on that date.  The Government investigated Mr. Lee for embezzlement and arrested him in this District on March 2, 2023.  Initially, Mr. Lee was detained upon consent of all parties but was then released on bail on March 8, 2023.

On July 31, 2023, the Government filed the present Motion for Mr. Lee's Extradition and a supporting brief. (ECF No. 22). Mr. Lee opposes the Government's application. (ECF No. 28).

## II. LEGAL DISCUSSION

International extradition proceedings are governed by 18 U.S.C. §§ 3181 to 3184. Article 6 of the Treaty, which addresses "[l]apse of [t]ime," provides that "[e]xtradition may be denied under this Treaty when the prosecution or the execution of punishment of the offense for which extradition is requested would have been barred because of the statute of limitations of the Requested State had the same offense been committed in the Requested State." Treaty Art. 6.

The Court finds this language clear. Embezzlement in the United States carries a statute of limitations of five years, and in Korea, seven years. As demonstrated by the Government's submissions, Mr. Lee's acts constituting embezzlement began in December of 2000 and ended in October of 2004. Under both the statute of limitations for the United States and Korea, this action would be time-barred on its face. Extradition was not sought until 2023. That the Korean government merely issued and re-issued warrants for Mr. Lee's arrests, without any affirmative action to pursue extradition, does not toll the statute of limitations.

The Court next considers whether Mr. Lee's actions suspend the statute of limitations period. The Treaty further states that "[a]cts or circumstances that would suspend the expiration of the statute of limitations of either State shall be given effect by the Requested State, and in this regard the Requesting State shall provide a written statement of the relevant provisions of its statute of limitations, which shall be conclusive." Treaty Art. 6. Korea contends that the statute of limitations is not tolled because Mr. Lee fled solely for the purpose of evading criminal prosecution.

3

The Court does not agree; the supposition that Mr. Lee is a fugitive fleeing from justice is not supported by the extensive submissions to this Court and oral argument conducted herein. Mr. Lee is an American citizen, born and raised in the United States. He has lived openly in the United States since 2005 and maintains a residency in New Jersey. His previous frequent travel to Korea was limited to business purposes from 1999 through 2005. And he has cooperated with and communicated to all investigative authorities pertaining to the embezzlement. On this record, there is no evidence of flight, nor is there evidence that Mr. Lee hid or conducted surreptitious activity that would amount to the avoidance of consequences. There is no evidence of evasion or any other action that can be construed as a deliberate act intended to escape consequences. To the contrary, Mr. Lee has lived in New Jersey conspicuously.

In sum, pursuant to the plain text of the Treaty and the record herein, the Court concludes that the statute of limitations has passed for Mr. Lee's prosecution in both case and has not been suspended due to any acts of evasion on part of Mr. Lee.

### III.  CONCLUSION

It is on this day, August 6, 2025,

**ORDERED** that the Government's Motion to Extradite Mr. Lee is **DENIED**; and it is further

**ORDERED** that the United States Attorney's Office for the District of New Jersey is directed to forward a copy of this Certification and Order, together with a copy of the transcript of the hearing conducted on April 10, 2024, and all the documents admitted into evidence in this matter, to the Secretary of State.

s/ Cathy L. Waldor  
**Hon. Cathy L. Waldor**  
**United States Magistrate Judge**
